**Robert STARKEY, Petitioner–Appellant,**

v.

**Jean HILL, Respondent–Appellee.**

**No. 08–35112.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 20, 2008.

Filed Dec. 4, 2008.

---

** The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Dennis N. Balske, Portland, OR, for Petitioner–Appellant.

Carolyn Alexander, Esquire, Assistant Attorney General, Oregon Department of Justice, Salem, OR, for Respondent–Appellee.

Before W. FLETCHER and FISHER, Circuit Judges, and BREYER, District Judge.*

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

## MEMORANDUM **

Robert Starkey appeals the district court's dismissal of his petition for habeas corpus under 28 U.S.C § 2254. We have jurisdiction under 28 U.S.C. §§ 1291, 2253 and affirm.

The district court did not err in concluding that the state post-conviction review (PCR) court's harmless error analysis was not contrary to or an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d)(1). The Supreme Court has not decided the appropriate standard of review for due process violations in the grand jury process that do not involve discrimination in grand juror selection. See Lambert v. Blodgett, 393 F.3d 943, 974 (9th Cir.2004) ("A state court decision is 'contrary to' clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases or if the state court confronts a set of facts materially indistinguishable from those at issue in a decision of the Supreme Court and, nevertheless, arrives at a result different from its precedent."). The Court has found structural error in grand jury proceedings only in two situations, where jurors are excluded because of race, Vasquez v. Hillery, 474 U.S. 254, 262, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986), or because of gender, Ballard v. United States, 329 U.S. 187, 189–90, 67 S.Ct. 261, 91 L.Ed. 181 (1946). The Court has established two different harmless error standards of review for technical irregularities in the grand jury process. See Bank of Nova Scotia v. United States, 487 U.S. 250, 256, 258, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988) (applying harmless error standard to violations of Federal Rules of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Criminal Procedure and federal statutes raised before the petit jury returns its verdict); *United States v. Mechanik,* 475 U.S. 66, 72–73, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986) (applying harmless error standard to violations of Federal Rules of Criminal Procedure raised after the petit jury returns a guilty verdict). The PCR court's decision to apply the *Mechanik* harmless error standard to Starkey's due process claim that the grand jurors may have been biased was not objectively unreasonable, nor was it objectively unreasonable for that court to refuse to extend *Vasquez* and *Ballard* to potential due process violations that do not derive from discrimination in juror selection. *See Miller v. Blacketter,* 525 F.3d 890, 895–96 (9th Cir.2008) (recognizing that state court would unreasonably apply clearly established federal law when it unreasonably fails to extend a legal principle from Supreme Court precedent to a new context where it should apply).

Because the PCR court's harmless error analysis was not contrary to or an unreasonable application of clearly established federal law, we need not address whether convening the grand jury at the child abuse treatment center violated Starkey's due process rights.

**AFFIRMED.**